CLERK'S OFFICE
A TRUE COPY

Sep 23, 2022

s/ D. Olszewski

Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)  Case No.    22    MJ    160
J2 Web Services account (202) 753-9072 )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized):*   Type text here

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846, 841(a)(1), 841 (h), and 843(c)(2)(A) | conspiracy to distribute and possess with the intent to distribute a controlled substance, distribution of a controlled substance, distribution of a controlled substance by means of the Internet, use of the Internet to advertise or offer the sal |

The application is based on these facts:

See the attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

SCOTT SIMONS (Affiliate)
Digitally signed by SCOTT SIMONS (Affiliate)
Date: 2022.09.22 09:16:38 -05'00'

*Applicant's signature*

Scott Simons, Task Force Officer (DEA)

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone  *(specify reliable electronic means)*.

Date:    9/23/2022

*Judge's signature*

City and state:   Milwaukee, Wisconsin

William E. Duffin, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Scott Simons, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.	I make this affidavit in support of an application for a search warrant for information associated with a J2 Web Services account that is stored at premises owned, maintained, controlled, or operated by J2 Web Services, Inc., an electronic communications service and/or remote computing service provider headquartered in Los Angeles, California. (Ziff Davis, Inc., f.k.a. J2 Global, Inc., a company with an office at 114 5th Avenue, 15th Floor, New York, New York 10011, manages records for J2 Web Services, Inc.) The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require J2 Web Services, Inc. to disclose to the government records and other information in its possession, pertaining to the subscribers or customers associated with the J2 Web Services account with call number (202) 753-9072.

2.	I am a Task Force Officer assigned to the Milwaukee District Office of the Drug Enforcement Administration (DEA) as a member of the Tactical Diversion Squad (TDS). I specialize in pharmaceutical investigations. I have worked full-time as a federal task force officer for the past 9 years and a full-time law enforcement officer with the Greenfield Police Department for the past 20 years. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3.	During my tenure as a law enforcement officer, I have been involved in the investigation of drug traffickers in Milwaukee County, in the State of Wisconsin, across the United States, and internationally. I have received training in the investigation of drug trafficking, money laundering, computer crimes, and illegal drug diversion by DEA registrants. I have worked with

informants in drug trafficking investigations. I have participated in the application for and execution of numerous search warrants. I have participated directly in numerous narcotics investigations and arrests in which controlled substances, drug paraphernalia, drug proceeds, and digital evidence were seized. I am familiar with methods that are commonly used by drug traffickers to package and prepare controlled substances for sale.

4. The statements in this affidavit are based on my personal knowledge, information I have received from other law enforcement personnel, publicly available information, and from persons with knowledge of relevant facts. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation.

5. Based on the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that the information associated with the accounts identified in Attachment A, will contain evidence and instrumentalities related to violations of Title 21, United States Code, Sections 846, 841(a)(1), 841(h), and 843(c)(2)(A), as further described in Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. Based on the investigation described below, case agents have identified a series of illegal online pharmacies distributing controlled substances without any prescriptions required by the customers. The call center is based in India with a vast network of domestic re-shippers who receive bulk drug parcels from overseas and from other domestic re-shippers. The domestic re-shippers then break down the large parcels into smaller quantities and ship them, generally via the United States Postal Service to customers throughout the United States. The primary phone number

posted on some of the online pharmacy websites is **(202) 753-9072,** and this is the phone number that an undercover agent has text messaged and called to place drug orders. Case agents have interviewed multiple co-conspirators and executed federal search warrants on some of the associated domestic re-shippers and payment processors, which has resulted in the seizure of at least 200,000 controlled pharmaceutical tablets and the seizure of drug proceeds.

8. In 2015, the Milwaukee District Office of the DEA initiated an investigation into a series of related internet pharmacies, which advertised controlled and non-controlled pharmaceuticals for sale without requiring a prescription. During the course of the investigation in 2019, case agents identified a co-conspirator in Florida (hereinafter referred to as "SOI-1") and a co-conspirator in Texas (hereinafter referred to as "SOI-2"). These two co-conspirators were working together to receive bulk shipments of controlled pharmaceuticals and reship them to customers throughout the United States. An undercover agent in the Eastern District of Wisconsin purchased controlled pharmaceuticals numerous times from SOI-1 and SOI-2 between July 2019 and August 2020. Subsequent analysis of these suspected controlled substances by the DEA laboratory, identified controlled substances including heroin, methamphetamine, ketamine, tramadol, diazepam, alprazolam, and modafinil.

9. In August 2020, case agents executed federal search warrants in Florida and Texas at the residences of SOI-1 and SOI-2. Case agents seized electronic devices and documents containing evidence identifying many of the drug suppliers and customers, communication related to the sale of controlled substances, and evidence of money laundering of drug proceeds. Case agents also seized approximately $100,000 in drug proceeds and different types of suspected controlled pharmaceuticals. Case agents have had the opportunity to interview SOI-1 and SOI-2 multiple times about the various drug suppliers and the circumstances around communication with the suppliers and drug payments to the suppliers. SOI-1 and SOI-2 identified multiple drug suppliers, email accounts, Bitcoin accounts, and WhatsApp accounts used by their drug suppliers to conduct drug transactions.

10. SOI-1 identified an online pharmacy www.pill2days.com ("PILL2DAYS"), from which SOI-1 had purchased Xanax (a Schedule IV controlled substance) and suspected Adderall (a Schedule II controlled substance) in the summer of 2020. SOI-1 communicated with the website representative via email. Case agents later reviewed these emails and saw the discussion of controlled substances being shipped from overseas to the United States, being shipped domestically from re-shippers located in the United States to customers, prices, a drug photograph, and quantities. SOI-2 was responsible for sending the drug payment, so SOI-2 communicated with a website representative via telephone at phone number **(202) 753-9072**.

11. SOI-1 and SOI-2 were told by PILL2DAYS representatives that they ship pharmaceuticals from overseas to U.S. customers at the advertised prices on the website. At a significantly higher price, U.S. customers can receive the drug parcels from domestic re-shippers they have established. SOI-1 stated he was aware of re-shippers in Arizona and Florida. In August 2020, case agents were able to intercept and seize a parcel from PILL2DAYS to SOI-2, which was supposed to contain 360 tablets of Adderall. This parcel was shipped by a re-shipper in Vermont. These tablets were sent to the DEA laboratory, and found to contain 364 tablets of modafinil (a Schedule IV controlled substance). Case agents later reviewed financial records and found that SOI-1 and SOI-2 sent payment for the Xanax and Adderall purchases to bank accounts being used by the drug trafficking organization to process customer payments.

12. Case agents reviewed the PILL2DAYS online pharmacy website www.pill2days.com. This website offered the following controlled substances for sale:

- Adderall – a Schedule II controlled substance

- Phentermine – a Schedule IV controlled substance

- Diazepam – a Schedule IV controlled substance

- Ativan – a Schedule IV controlled substance

- Klonopin – a Schedule IV controlled substance

- Xanax – a Schedule IV controlled substance

- Ambien – a Schedule IV controlled substance

- Soma (carisoprodol) – a Schedule IV controlled substance

- Tramadol - a Schedule IV controlled substance.

13. In December 2020, case agents began conducting multiple undercover purchases from PILL2DAYS. To date, case agents have purchased drugs, including but not limited to tramadol, tapentadol, purported oxycodone, purported hydrocodone, purported Adderall, codeine, and alprazolam. This drug trafficking organization has a regular supply providing counterfeit oxycodone (containing fentanyl and/or p-fluorofentanyl) and counterfeit Adderall (containing methamphetamine and/or p-fluorofentanyl).

14. On June 2, 2022, case agents conducted an undercover purchase from PILL2DAYS, via the telephone number **(202) 753-9072**, which is published on the website. Case agents purchased 90 tablets of purported oxycodone 30mg (a Schedule II controlled substance) and 180 tablets of purported Adderall 30mg (a Schedule II controlled substance). In connection with the purchase, case agents were directed, via text message, to conduct a bank transfer via Zelle to a bank account linked to the email address praveen2_2@hotmail.com and name "Himani Gupta." Case agents communicated with the PILL2DAYS employee "Michael" via text message. The drug order confirmation, payment instructions, and drug parcel tracking number were also sent via text message from phone number **(202) 753-9072**. The undercover also received an email from PILL2DAYS, which listed phone number **(202) 753-9072** in the email signature, providing the tracking number. Case agents received the shipment of the 90 tablets of purported oxycodone 30mg and 180 tablets of purported Adderall 30mg, which were both shipped in the same parcel from "Sun Desyn" with a return address of 1438 South Main Street, Los Angeles, California 90063. The substances were sent to the DEA laboratory in Chicago, and the controlled substance analysis revealed the purported oxycodone contained a 9.7 gram mixture of p-fluorofentanyl (a Schedule I controlled substance) and the 180 tablets of purported Adderall contained a 72.271 gram mixture of p-fluorofentanyl (a Schedule I controlled substance).

15. On July 12, 2022, case agents conducted an undercover purchase from PILL2DAYS, via the telephone number **(202) 753-9072**, which is published on the website. Case agents purchased 180 tablets of purported tapentadol 100mg (a Schedule II controlled substance) and 270 tablets of purported Adderall 30mg (a Schedule II controlled substance). In connection with the purchase, case agents were directed, via text message, to conduct a bank transfer via Zelle to a bank account linked to phone number (941) 807-2638 and name "Rafael Jimenez." Case agents communicated with the PILL2DAYS employee "Michael" via text message. The drug order confirmation, payment instructions, and drug parcel tracking number were also sent via text message from phone number **(202) 753-9072.** The undercover also received an email from PILL2DAYS, which listed phone number **(202) 753-9072** in the email signature, providing the tracking number. Case agents received the shipment of the 180 tablets of purported tapentadol 100mg from a shipper in Hayward, California who was later identified. This Hayward, California shipper sent a total of eight drug parcels and paid for postage using his own debit card. Case agents also received the shipment of 270 tablets of purported Adderall 30mg which was shipped from "Sun" with a return address of 1428 South Main Street, Los Angeles, California 90036. The substances were sent to the DEA laboratory in Chicago, and the controlled substance analysis for both substances is pending. The suspected tapentadol tablets were packaged in manufacturer's blister packs purporting the medication to be tapentadol 100mg. The tablets were consistent in appearance to tapentadol tablets. In addition, case agents conducted a field test of one purported Adderall tablet using a Thermo Fisher Scientific TruNarc device, which has been found to be reliable. The test revealed the presence of "fentanyl and/or methamphetamine compound."

16. Case agents acquired video surveillance from the U.S. Post Office in Corona, California of the person who shipped the purported Adderall from this July 12, 2022 undercover buy. This male drug shipper was in the post office for a long period of time, shipped approximately twenty parcels, and after shipping the parcels, the drug shipper could be seen looking at the tracking details from the receipt and then appeared to text message or email the details.

17. On August 25, 2022, case agents conducted an undercover purchase from PILL2DAYS, via the telephone number **(202) 753-9072**, which is published on the website. Case agents purchased 180 tablets of purported tapentadol 100mg (a Schedule II controlled substance) and 180 tablets of purported Adderall 30mg (a Schedule II controlled substance). In connection with the purchase, case agents were directed, via text message, to conduct a bank transfer via Zelle to a bank account linked to email address praveen2_2@hotmail.com and name "Himani Gupta." Case agents communicated with the PILL2DAYS employee "Michael" via text message. The drug order confirmation, payment instructions, and drug parcel tracking number were sent via text message from phone number **(202) 753-9072.** The undercover also received an email from PILL2DAYS, which listed phone number **(202) 753-9072** in the email signature, providing the tracking numbers. Case agents received the shipment of the 180 tablets of purported tapentadol 100mg from a shipper (believed to be CIARA GUY) in Zephyrhills, Florida. Case agents also received the shipment of 180 tablets of purported Adderall 30mg which was shipped from a shipper in Columbia, South Carolina (believed to be KEVIN CARDER). The substances were sent to the DEA laboratory in Chicago, and the controlled substance analysis for both substance is pending. Due to a delay in receiving these two parcels, PILL2DAYS had a third drug parcel shipped to the undercover. This tracking number was emailed to the undercover, and the email identified their phone number as **(202) 753-9072.** Case agents have not received this drug parcel yet, but the parcel is in transit and was again shipped from Corona, California.

18. On September 6, 2022, case agents received records from J2 Web Services related to phone number **(202) 753-9072**, pursuant to a DEA administrative subpoena. These records included subscriber details, phone call and text messaging tolls, and source of funds. The records show this phone account was created on June 3, 2020. The most recent source of funds for this phone account is as follows:

- Card details: Mastercard ending in 0423

- Name: MICHAEL JUDE PUGLIESE

- Address: 4129 Adishian Way, Corona, CA 92883.

19.     Case agents reviewed the phone tolls and found phone number (310) 985-8805 in regular communication with **(202) 753-9072.**  Case agents received T-Mobile records pursuant to a DEA administrative subpoena for phone number (310)985-8805.  The T-Mobile subscriber is as follows:

- Customer name: Michael Mike

- Subscriber name: MICHAEL PUGLIESE

- Service address: 39671 CORTE SANTA BARBARA, MURRIETA, CA 92563 USA

- Billing address: 39671 CORTE SANTA BARBARA, MURRIETA, CA 92563 USA.

20.     Case agents acquired a California driver's license photograph of MICHAEL PUGLIESE and compared it to the person from the Corona, California U.S. Post Office video surveillance.  Case agents positively identified the drug shipper from the July 12, 2022 undercover purchase as PUGLIESE.  A review of the publicly-available profile on LinkedIn and a publicly-available State of California licensing website suggests that PUGLIESE is a Los Angeles Firefighter/Paramedic.

21.     Case agents queried U.S. Customs and Border Protection files for PUGLIESE's last known address of 4129 Adishian Way, Corona, California 92883.  These records revealed the following four seized drug parcels all addressed to MICHAEL PUGLIESE:

- CBP (NY JFK) Entry Date: 10/12/2020 - seized carisoprodol (550 grams) shipped from India;

- CBP (NY JFK) Entry Date: 07/18/2021 - seized tapentadol (348 grams) shipped from India;

- CBP (Chicago) Entry Date: 08/03/2021 - seized scheduled controlled substance shipped from India;

- CBP (NY JFK) Entry Date: 08/28/2021 - seized tapentadol (280 grams) shipped from India.

22. Case agents believe that SOI-1 is a reliable witness as SOI-1 has provided a statement against SOI-1's own penal interest, and information provided by SOI-1 has been independently corroborated by case agents. SOI-1's criminal history consists of misdemeanor assault and misdemeanor menacing. SOI-1 has no prior felony convictions. SOI-1 has provided information in other investigations, and that information was found to be accurate and reliable. SOI-1 is cooperating with law enforcement for potential consideration for his federal felony drug distribution arrest, which remains pending.

23. Case agents believe that SOI-2 is a reliable witness as SOI-2 has provided a statement against SOI-2's own penal interest, and information provided by SOI-2 has been independently corroborated by case agents. SOI-2's criminal history consists of one prior federal felony conviction for conspiracy to commit health care fraud, mail and wire fraud, money laundering, and illegal monetary transaction, conspiracy to distribute controlled substances, and mail fraud. SOI-2 may have been arrested for forgery in the 1980s. SOI-2 has provided information in other investigations, and that information was found to be accurate and reliable. SOI-2 previously cooperated with law enforcement for judicial and prosecutorial consideration in his then-pending federal felony drug conspiracy and drug distribution case, and any revocation sentence for his supervised release in the prior case.

24. Case agents know based on prior communication with J2 Web Services and records acquired pursuant to a DEA administrative subpoena, J2 Web Services provides the service to phone number **(202) 753-9072**. J2 Web Services maintains audio files containing voicemails, text message content, and files such as photographs which are sent/received by the account assigned to call number **(202) 753-9072**. J2 Web Services will provide these records upon being served with a warrant. Case agents also know that this account was opened on June 3, 2020, and as a result, believe that evidence exists from June 3, 2020 through the present time.

25.	In general, providers like J2 Web Services ask each of their subscribers to provide certain personal identifying information when registering for an ACCOUNT. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, e-mail addresses, and, for paying subscribers, a means and source of payment (including any credit or bank account number).

26.	Providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account. In addition, providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the ACCOUNT.

27.	In some cases, ACCOUNT users will communicate directly with a provider about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users. Providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

28.	Based on my training and experience and the facts described above, I believe PILL2DAYS, MICHAEL PUGLIESE, and others are engaged in an elaborate drug trafficking organization that ships controlled pharmaceuticals from overseas to the United States. The drugs are either shipped directly to the customers or they are being re-shipped by drug re-shippers in the United States. Co-conspirators in the United States are also operating as payment processors to facilitate the drug payments. Based on my training and experience and the facts set forth above, I

believe that information related to the J2 Web Services account linked to phone number **(202) 753-9072** will include evidence about the drug trafficking organization.

29. I know that persons involved with owning and/or operating internet pharmacies and providing the drugs for such internet pharmacies must communicate by electronic means, often times by text message and phone calls, consistent with the evidence in this investigation. These communications include but are not limited to drug orders, drug shipping information, and payments for said drugs. In this investigation specifically, I have had the opportunity to interview multiple drug trafficking organization members who have communicated with PILL2DAYS co-conspirators at phone number **(202) 753-9072**. Furthermore, case agents have communicated with the drug trafficking organization at phone number **(202) 753-9072**. Based on interviews, observing the published phone number on the websites, and undercover communication with co-conspirators, I know that phone number **(202) 753-9072** is a primary form of communication for this drug trafficking organization. Phone number **(202) 753-9072** is being used by customers to place drug orders, coordinate drug shipments, and coordinate drug payments. It is also being used for PILL2DAYS to communicate with drug re-shippers, as is the case with MICHAEL PUGLIESE.

30. For all of the foregoing reasons, case agents are requesting a search warrant for J2 Web Services account containing the information set forth in Attachment A for the following: **(202) 753-9072** for the period of June 3, 2020 to the present**. This beginning date is the date case agents are aware the drug trafficking organization began using this phone number, and it's believed evidence will be located in this account records.

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

31. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and 2713 by using the warrant to require J2 Web Services to disclose to the government copies of the records and other information (including the content of communications if available) described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B,

government-authorized persons will review that information to locate the items described in Section II of Attachment B.

32. Pursuant to 18 U.S.C. § 2713, this application seeks a warrant to search all responsive records and information under the control of J2 Web Services, a provider subject to the jurisdiction of this court, regardless of where J2 Web Services has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within J2 Web Services' possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States.

## CONCLUSION

33. Based on the information described above, I request that the Court issue the proposed search warrant for the Subject Account. Because the warrant will be served on J2 Web Services, who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

34. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

35. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

# GRAND JURY MATTER NO. 2022R00400

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the following phone numbers and for the following periods, that are stored at premises owned, maintained, controlled, or operated by J2 Web Services, Inc., a company that accepts service of legal process at 700 South Flower Street, Los Angeles, California 90017. (Ziff Davis, Inc., f.k.a. J2 Global, Inc., a company with an office at 114 5th Avenue, 15th Floor, New York, New York 10011, manages records for J2 Web Services, Inc.)

1. **(202) 753-9072** (from June 3, 2020 to present)

GRAND JURY MATTER NO. 2022R00400

ATTACHMENT B

Particular Things to be Disclosed and Seized

I.    Information to be disclosed by J2 Web Services, Inc. (the "Provider")

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each of the accounts or identifiers listed in Attachment A:

a.    All stored electronic communications (including drafts, sent items, deleted items, stored backup copies and attachments), voicemails, images, videos, and other stored content information, contained in, or on behalf of, the accounts in Attachment A;

b.    All histories, profiles, contact lists, e-mail addresses, attachments, screen names, name, age, telephone number, physical address, and/or user IDs, associated with the accounts in Attachment A;

c.    Logs of all access to the accounts, including but not limited to all electronic communications sent to or from the account, including dates, times of access and the Internet Protocol addresses (IP addresses) from which the account was accessed, for the accounts in Attachment A;

d.    All transactional information concerning activity associated with the accounts, including log files, dates, times, methods of connecting, and/or locations, from the accounts in Attachment A;

e.    All business records and subscriber information, in any form kept, concerning the accounts, including applications, account creation date and time, all full names, screen names, and account names associated with the subscribers, profile photos, contact lists, group chats, methods of payment, telephone numbers, addresses, and detailed billing records, from the accounts in Attachment A; and

f.    All records indicating the services available to subscribers of the account, from the accounts in Attachment A.

The Provider is hereby ordered to disclose the above information to the government within 14 days of the issuance of the warrant.

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence and instrumentalities related to violations of Title 21, United States Code, Sections 846, 841(a)(1), 841(h), and 843(c)(2)(A), including but not limited to, information pertaining to the following matters:

a.   The sale and distribution of controlled substances, and conspiracy to do the same;

b.   The exchange or laundering of funds related to the sale and distribution of controlled substances;

c.   Evidence indicating how and when the J2 Web Services account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

d.   Evidence indicating the J2 Web Services account owner's state of mind as it relates to the crime under investigation;

e.   The identity of the person(s) who created or used the account, including records that help reveal the whereabouts of such person(s);

f.   Other accounts used by the persons using the account;

g.   The devices used to access the account;

h.   The identity of the person(s) who communicated with the account about matters relating to the sale and distribution of controlled substances, including records that help reveal their whereabouts;

i.   Financial information, credit card numbers, social security numbers, and other personal identifiable information stored on/in the J2 Web Services account; and

j.   Communications and files that contain IP addresses and username and passwords.